**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 16, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30498
Summary Calendar

_____

MICHAEL EDGE,

Petitioner-Appellant,

versus

RICHARD STALDER, SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS; PEGGY LANDRY; LOUISIANA DEPARTMENT OF PUBLIC SAFETY;
LOUISIANA PAROLE BOARD,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:01-CV-2327
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Michael Edge appeals the district court's dismissal of his 28
U.S.C. § 2241 habeas corpus petition. Edge challenges the
constitutionality of the Louisiana statutory schemes for release on
parole and for awarding time credits to prisoners. Although not
addressed by Edge, a threshold issue in this appeal is whether his
failure to exhaust his state remedies would preclude his receiving

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

federal habeas relief on this issue. A state prisoner may not receive habeas corpus relief if he has not first presented his claims to the state courts. See Robinson v. Wade, 686 F.2d 298, 303 n.8 (5th Cir. 1982); see also Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987).

This court may affirm the district court's judgment on any grounds supported by the record. See Emery v. Johnson, 139 F.3d 191, 195 (5th Cir. 1997). The record supports a conclusion that Edge failed to exhaust his state remedies with respect to the claims that he now presents to this court. Accordingly, we AFFIRM the district court's denial of habeas relief on the alternate basis of lack of exhaustion.